HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. by SHEILA REIBER,<br><br>Plaintiffs,<br><br>v.<br><br>BASIC CONTRACTING SERVICES INC., a New Mexico corporation, and LOU ALLEN, an individual,<br><br>Defendants. | CASE NO. 3:09-cv-05558-RBL<br><br>ORDER GRANTING LEAVE TO AMEND |

THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint [Dkt. #33]. Defendants Basic Contracting Services, Inc. and Lou Allen (collectively, BCSI) argue that Relator Sheila Reiber fails to allege facts sufficient to support her False Claims Act (FCA) claims. (*Id*.) BCSI argues that Reiber cannot identify any false representations and that she fails to plead particularized facts, as required by Fed. R. Civ. P. 9(b).

Reiber argues that the facts alleged are sufficient. (Pl.'s Resp., Dkt. #35 at 14.) Further, Reiber moves to amend her First Amended Complaint (FAC). (*Id*.)

Plaintiffs' Motion to Amend is granted, and Defendants' Motion to Dismiss is denied without prejudice.

ORDER GRANTING LEAVE TO AMEND - 1

## I. BACKGROUND

BCSI contracts with the United States to provide security services at Naval Magazine Indian Island in Port Hadlock, Washington. (FAC, Dkt. #25 at 2.) Reiber, a BCSI guard since 2005, was her union's unit chairperson from May 2009-October 2010. (*Id*. at 3.) In that capacity she interacted with Allen, BCSI's project manager, regarding the implementation of the contracts. (*Id*.) Reiber alleges, generally, that BCSI filed claims for full payment even though it knowingly failed to meet mandatory staffing requirements, adequately train its guards prior to assigning them to posts, or compensate the guards for guard mount (time to get uniformed and armed before and after each shift) as required by the government contracts. (*Id*. at 4-8.)

## II. DISCUSSION

### A. Pleading Standard for Claims Under the False Claims Act

Rule 9(b) applies to False Claims Act actions. *United States ex rel. Bly-Magee v. California,* 236 F.3d 1014, 1018 (9th Cir. 2001). Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To comply with Rule 9(b), allegations of fraud must state the who, what, when, where, and how of the misconduct. *Yess v. Ciba–Geigly Corp.,* 317 F.3d 1097, 1106 (9th Cir. 2003). An FCA plaintiff/relator is *not* required to identify representative false claims to support every allegation; rather, in the Ninth Circuit "it is sufficient to allege 'particular' details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *United States ex rel. Ebeid v. Lungwitz,* 616 F.3d 993, 998-99 (9th Cir. 2010). But, the allegations "must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee,* 236 F.3d at 1019.

Even though representative false claims are not required, particular details are. Reiber's general allegations are insufficient. Her FAC lacks the specificity required to give BCSI notice of the particular misconduct she alleges to be fraudulent. Still, dismissal is not proper at this time.

**B.  Leave to Amend First Amended Complaint**

Reiber requests leave to amend her FAC to plead additional facts to support her claims. BCSI argues that granting leave would be futile. The district court has discretion to grant or deny leave to amend, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he court may permit supplementation even though the original pleading is defective in stating a claim or defense." Fed. R. Civ. P. 15(d). In determining whether to grant leave, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Reiber has not exhibited undue delay or bad faith. Defendants are at little risk of prejudice because discovery has yet to begin. Even though Reiber already amended her complaint once, the Court cannot say conclusively that amendment would be futile. If Reiber can add particularity to her current general allegations, the complaint will state a valid claim. While Reiber has not proposed an amendment, she has offered some substance of the proposed amendment (examples of the various contractual requirements, staffing shortcomings, training deficiencies, etc.).

Thus, Plaintiffs' Motion to Amend is GRANTED. Plaintiffs have 30 days from the filing of this order to properly amend the First Amended Complaint.

1

### III.    ORDER

2   Plaintiffs' Motion to Amend [Dkt. #35] is **GRANTED**.  Defendants' Motion to Dismiss

3  [Dkt. #33] is **DENIED** without prejudice.  Plaintiffs have **30 days** from the date below to

4  sufficiently amend their Complaint and cure the deficiencies in the First Amended Complaint.

5  At that time, Defendants will be able to renew their motion.

6   IT IS SO ORDERED.

7

8   Dated this 10th day of September, 2012.

9

10   _____

11   Ronald B. Leighton
    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24